UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWIN RODOLFO ULIN VALDEZ,

Petitioner,

v.

WARDEN, NORTHWEST PROCESSING

CENTER, et al.,

Respondents.

Case No. 2:26-cv-01943-TMC

ORDER DENYING PETITION OF WRIT
OF HABEAS CORPUS

## I.   INTRODUCTION

Before the Court is self-represented Edwin Rodolfo Ulin Valdez's petition for writ of habeas corpus. Dkt. 1. Ulin Valdez argues that his prolonged detention violates the Due Process Clause and seeks immediate release. *Id.* ¶¶ 24–28. For the following reasons, his petition is DENIED.

## II.   BACKGROUND

Ulin Valdez, a citizen of Guatemala, entered the United States at an unknown date. Dkt. 7 ¶ 4. On February 25, 2026, Ulin Valdez was the subject of a traffic stop by Idaho State Police near Coeur D' Alene, Idaho. *Id.* ¶ 5. During the stop, Idaho State Police requested assistance from Border Patrol. *Id.* Border Patrol agents questioned Ulin Valdez and arrested him when Ulin

ORDER DENYING PETITION OF WRIT OF HABEAS CORPUS - 1

Valdez "told them he was present in the United States illegally." *Id.* ¶¶ 5–6. The Department of Homeland Security placed Ulin Valdez into removal proceedings, provided him a notice to appear, and transferred him to the Northwest Immigration and Customs Enforcement Processing Center. *Id.* ¶¶ 6–7.

On March 20, Ulin Valdez filed his first petition for writ of habeas corpus. *Id.* ¶ 8; *Ulin Valdez, et al., v. Hernandez, et al.*, No. 2:26-cv-00937-TMC ("*Ulin Valdez I*"). The petition was granted, requiring Respondents to provide Ulin Valdez a bond hearing within fourteen days upon request. Dkt. 7 ¶ 9. A bond hearing was held on April 6, and bond was denied because the Immigration Judge (IJ) concluded Ulin Valdez was a flight risk. *Id.* ¶ 11.

On April 2, Ulin Valdez filed his second petition for writ of habeas corpus. *Ulin Valdez v. Warden, NW. ICE Processing Ctr.*, No. 2:26-cv-01127-JHC ("*Ulin Valdez II*"), Dkt. 1. The Honorable John H. Chun denied the second petition because Ulin Valdez had not shown that the IJ's denial of bond was an abuse of discretion, and his other claims were subject to the abuse of the writ doctrine, as there had "been no alleged changed circumstances or other exception" to the doctrine. *Ulin Valdez v. Warden, Nw. Ice Processing Ctr.*, No. 2:26-CV-01127-JHC, 2026 WL 1361626, at *1 (W.D. Wash. May 15, 2026).

Ulin Valdez was ordered removed to Guatemala by an IJ on May 13. *Id.* ¶ 13. He appealed the removal order on May 26. *Id.* ¶ 14. The appeal remains pending before the Board of Immigration Appeals. *Id.*

The instant petition, Ulin Valdez' third petition for writ of habeas corpus, was filed on June 4. Dkt. 1. Respondents filed their response on June 18. Dkt. 6. Ulin Valdez filed his reply on June 24. Dkt. 9.

ORDER DENYING PETITION OF WRIT OF HABEAS CORPUS - 2

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### IV.    DISCUSSION

Respondents ask the Court to deny the instant petition because it is barred by the abuse of the writ doctrine. Dkt. 6 at 6–7. In response, Ulin Valdez argues that the Court should "reject" the abuse of the writ doctrine because Respondents have not "demonstrate[d] that [he] has received meaningful procedural protection sufficient to justify his continued and prolonged detention." Dkt. 9 at 1.

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McClesky v. Zant*, 499 U.S. 467, 470 (1991). The Court notes that the general bar against successive habeas petitions set forth in 28 U.S.C. § 2244 does not apply to a petition such as this one that is filed under § 2241. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("§ 2244(a) bars successive petitions seeking review of the propriety of a detention pursuant to a judgment of a court of the United States[,] and individuals . . . in custody pending the outcome of their immigration proceedings are not detained pursuant to a judgment of a court of the United States.") (internal quotation marks omitted). Rather than a hard-and-fast rule such as the one prescribed by § 2244, courts in the immigration context are guided primarily by whether a petitioner can "show cause for failing to raise" a claim in a prior petition. *See McCleskey*, 499 U.S. at 494.

ORDER DENYING PETITION OF WRIT OF HABEAS CORPUS - 3

In the instant petition Ulin Valdez recycles the same claim as his second petition, that his detention is prolonged and violates the Due Process Clause. Dkt. 1 ¶¶ 24, 28; *Ulin Valdez II*, Dkt. 4 at 6. Ulin Valdez has not shown cause that would allow him to raise these claims in a second or successive petition. Accordingly, the instant petition is DENIED under the doctrine of abuse of the writ.[1]

## V.    CONCLUSION

For the previously mentioned reasons, Ulin Valdez' petition for writ of habeas corpus is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

---

[1] The Court notes that if Ulin Valdez' circumstances change, he can request a custody redetermination hearing under 8 U.S.C. § 1226, as he is subject to Section 1226. *Ulin Valdez I*, Dkt. 11.

ORDER DENYING PETITION OF WRIT OF HABEAS CORPUS - 4